```
GEORGE W. NOWELL (SBN: 83868)
 george.nowell@nowelllaw.com
PAUL B. ARENAS (SBN: 167863)
 paul.arenas@nowelllaw.com
JOHN H. CIGAVIC III (SBN: 231806)
 john.cigavic@nowelllaw.com
LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Telephone: (415) 362-1333
Facsimile: (415) 362-1344
Attorneys for CROSS LINK, INC.
```

E-filing

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE COMPLAINT OF CROSS LINK, INC. AS OWNERS AND/OR OPERATORS OF THE TUG *ORION* HER ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, FREIGHTS, CARGO, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Petitioner,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Claimant. | CASE NO.: CV 08 3870<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY PURSUANT TO 46 USC § 30501,** *et seq.*<br><br>IN ADMIRALTY<br><br>FRCivP SUPP RULE F<br><br>BY FAX |

COMES NOW PETITIONER CROSS LINK, INC. ("petitioner") in this cause for exoneration from or limitation of liability, civil and maritime, and avers as follows:

//
//
//
//
//
//

1

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY PURSUANT TO 46 USC § 30501,** *et seq.*

P0723.2008-1799

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure (FRCivP).

2. This complaint is filed within six (6) months after the date of the allision of 14 February 2008 as more fully set out herein and within six months of receipt of any Claim in writing.

## VENUE

3. Venue is proper in this jurisdiction and in this division because the vessel may be found in this district and the claimant resides in this district.

## PARTIES

4. Petitioner CROSS LINK, INC. was at all times material to this action and is now a California corporation having its principal place of business in San Francisco, California.

5. Petitioner CROSS LINK, INC. is the sole owner of the Tug ORION (O.N. 583761).

6. Claimant PACIFIC GAS & ELECTRIC COMPANY ("PACIFIC GAS") is a California corporate entity.

## GENERAL ALLEGATIONS

7. On 14 February 2008 at dusk the Tug ORION was towing Derek Barge HAGAR (O.N. 508989) ("HAGAR") and Derek Barge VALHALLA (O.N. 1076617) when a crane boom on the deck of HAGAR made contact with four power lines crossing the Sacramento River in the turning basin in West Sacramento, which four power lines are allegedly owned and operated by Claimant ("Incident"). Claimant PACIFIC GAS' customers allegedly lost power to their homes and businesses in West Sacramento and beyond, allegedly resulting from the Incident. The Tug ORION did not sustain any damage as a result of the allision. No physical injuries to people are known to have been sustained as a result of the incident.

//
//

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

8. Petitioner used due diligence to make the Tug ORION seaworthy and at all pertinent times said vessel was tight, staunch, strong, fully manned, equipped, and supplied and in all respects seaworthy and fit for service(s) in which she was engaged.

9. At all relevant times the Tug ORION was under the command of a competent and experienced master, was fully manned by competent licensed officers and unlicensed personnel, and was operated in full compliance with prudent seamanship and the applicable Navigation Rules and did not violate any statutory or regulatory provisions, and petitioner lacked privity and knowledge of any such delicts, if they occurred.

10. The Tug ORION is now or will be during the pendency of this cause, afloat in the waters in the San Francisco Bay and within the territorial limits of this Court.

11. The foregoing damages were not caused or contributed to by any fault, negligence, or lack of care on the part of petitioner or the Tug ORION, her/their owners, operators, officers, crew or others for whom petitioner was or is responsible; rather, said alleged damages were caused by the fault, negligence, and lack of care of other parties or by the forces of nature.

12. Petitioner denies that it or the Tug ORION or any persons or property for whom they may be held responsible are liable to any extent in the premises and in that regard petitioner claims exoneration from liability for all claims, damages and destruction done, occasioned, or incurred by any reason of the foregoing matters. In the alternative and without admitting liability, petitioner avers that in the event it should be held responsible to any party by reasons of the foregoing matters, petitioner claim the benefit of limitation of liability as provided for in The Limitation of Liability Act of 1851, 46 U.S.C. § 30501, *et seq.* (formerly 46 U.S.C.S. App. § 181, *et seq.*).

13. All of the losses, damages and destruction resulting from the foregoing Incident were done, occasioned, and incurred without fault on the part of petitioner and without its privity or knowledge.

//

//

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P0723.2008-1799

14. Petitioner is unaware of any written claims currently pending against it or the Tug ORION but is aware of claims made to claimant for which claimant avers is the responsibility of petitioner. Petitioner is informed and believes that PACIFIC GAS has valued the costs of repairing the alleged damage to the power lines at over $100,000. Petitioner is informed and believes that PACIFIC GAS' customers may have claims for damage that exceed $1,300,000.

15. The market value of the Tug ORION, and the value of petitioner's interest in her, does not exceed the sum of $1,401,000. Petitioner charged $7,649.38 for the use of the Tug ORION on the date of the incident; no freight was pending at the time of the incident.

16. Petitioner has filed herewith an Ad Interim Stipulation in appropriate form, with a Letter of Undertaking as security for the amount of petitioner's interest in the Tug ORION at the close of the above described voyage, together with interest at a rate provided by law of 6 percent, from the date of said Stipulation (and for costs). In addition, petitioner is prepared to give a Bond or Stipulation for any amount in excess of or less than the amounts indicated in the Ad Interim Stipulation as may be ascertained and determined to be necessary under Order of this Court, as provided by the Laws of the United States and the Federal Rules of Civil Procedure.

17. Petitioner is unaware of the existence of any demands, unsatisfied liens or claims of liens either in contract or in tort against Tug ORION, nor of any suits pending thereon, and she has not been sued *in rem* elsewhere, as far as known by petitioner.

**PRAYER**

WHEREFORE petitioner TAURUS MARINE, INC. prays:

1. That this Court cause due appraisement to be made of the amount of value of petitioner's interest in the Tug ORION at the conclusion of the voyage upon which she was engaged at the time of the incident herein described.

2. That the Court approve petitioner's Ad Interim Stipulation and Letter of Undertaking in the total amount of $1,401,000 which represents (a) the value of the Tug ORION, and (b) petitioner's statutory obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Rule 5-1 of the Local Admiralty Rules.

//

3.     That on filing of the stipulation, the Court issue a Notice to all persons, firms, and corporations, and anyone claiming by and through them, asserting a claim for any and all losses, damages, injuries or destruction with respect to which petitioner seeks exoneration from or limitation of liability and admonishing them to appear and file their respective claims with the Clerk of the Court and serve on the attorney for petitioner a copy thereof on or before the date specified in the Notice lest they be forever barred and permanently enjoined from making and filing such claims, and also answer all and singular the allegations of the Complaint if they desire to do so.

4.     That upon the filing of the Ad Interim Stipulation, the Court will issue an Order enjoining and restraining the commencement or prosecution of any action or proceeding of any kind against petitioner, or any of its property, with respect to any claim for which petitioner seeks exoneration or limitation, including any claim arising out of or in connection with any losses, damages, or destruction resulting from the incident described in the Complaint.

5.     That petitioner be ordered to serve a copy of that Notice and Order on the persons to be so restrained.

6.     That the court adjudge and decree that the petitioner and the Tug ORION are not liable to any extent whatsoever for losses, damages, injuries or destruction, for any claims whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in this Complaint; or in the alternative if petitioner is held liable in any part, then its liability shall be limited to $1,400,000 plus interest, which is the amount or value of petitioner's interest in the Tug ORION at the end of the voyage on which she was engaged at the time of said allision, and that petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid as aforesaid be divided pro-rata according to the above mentioned statutes among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled and any rights petitioner may have to seek a reduction in such security.

//

//

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
PURSUANT TO 46 USC § 30501, *et seq.***

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P0723.2008-1799

7. That a judgment may be entered discharging petitioner and the Tug ORION from all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against petitioner or its property as a consequence of or in connection with the matters and happenings referred to in this Complaint.

8. For such other and further relief as may be just and proper.

Dated:    12 August 2008

LAW OFFICES OF GEORGE W. NOWELL

By: _____
JOHN H. CIGAVIC III
Attorneys for petitioner
CROSS LINK, INC.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

6

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY PURSUANT TO 46 USC § 30501, *et seq*.**

P0723.2008-1799